## NATIONAL BANK OF RUTLAND *v.* HANKINSON.

*(Circuit Court, S. D. New York. January 26, 1888.)*

COURTS—DEPOSITARIES—RATE OF INTEREST.

A state depositary for court moneys, whose charter provides for a payment by it of not less than 3 per cent. per annum upon court money held in its trust capacity, has no power to make an agreement with parties to a suit for the payment of a different rate of interest. Such power to vary the rate is vested in the court, and when the order directing the deposit is silent as to the rate of interest, the charter rate will apply.

*Alfred R. Page,* for plaintiff.
*Miller, Peckham & Dixon,* for Union Trust Co.

LACOMBE, J. This action was originally begun in the supreme court of the state of New York by one Newton Kellogg, for whom the National Bank of Rutland has since been substituted as plaintiff. The original defendant was the Mutual Life Insurance Company. A motion was made by said company to interplead John H. Hankinson, an attaching creditor, which motion was granted, and on July 6, 1886, an order was entered substituting said Hankinson and the public administrator as defendants, and providing that upon the insurance company depositing the amount of the debt, less $10 costs, viz., $15,521, in the Union Trust Company, it be discharged from all liability to either the plaintiff or the parties so substituted as defendants.

By the seventieth rule of the state court the Union Trust Company is named as one of seven trust companies in which court moneys may be deposited. In compliance with the terms of the order of interpleader the Mutual Life Insurance Company sent, by one of its employes, a copy of the order and a check for $15,521 to the Union Trust Company. The order and check were received by the company, and duplicate receipts given therefor as follows:

"[Caption and Title.] This is to certify that the Union Trust Company has this day received from the Mutual Life Insurance Company the sum of $15,521, to be held subject to the further order of the court in the above-entitled action. Interest to be allowed at the rate of one per cent. per annum. [Signatures.]"

It is stated in plaintiff's affidavits that the officers of the insurance company did not become aware of the terms of the receipts or certificates of deposit until recently, but that circumstance is immaterial. Neither they nor their company had any interest in the fund, nor concern in its ultimate disposition.

The action was subsequently removed into this court. The plaintiff has prevailed, and an order has been entered (December 12, 1887) directing the Union Trust Company to pay over to plaintiff's attorneys "any and all sums of money deposited with the Union Trust Company to the credit of this action, pursuant to order of the supreme court, dated July 6, 1886, entitled '*Newton Kellogg* v. *The Mutual Life Insurance Company,*' together with interest thereon from the date of deposit to

date of payment." Upon presentation of this order, and demand of payment, the trust company declines to pay interest at any greater rate than 1 per cent. per annum, claiming that such rate was agreed upon, and that its charter does not require it to pay interest at a rate of not less than 3 per cent. per annum, where a different rate has been agreed upon, nor to accept any deposit, or on any terms, against its will.

By the charter of the Union Trust Company (Laws 1864, c. 316) it is given power "to receive moneys in trust and to accumulate the same at such rate of interest as may be agreed on, or to allow such interest as may be agreed, not exceeding in either case the legal rate." (Section 1.) The act also provides (section 3) that "every court into which moneys may be paid by parties, or be brought by order or judgment, may, by order, direct the same to be deposited with the said company." And it is further expressly provided (section 4) that "on any sum of money, not less than $100, which shall be collected or received by the said company in its capacity of guardian, receiver, or depositary of moneys in court, an interest shall be allowed by the said company of not less than 3 per cent. annually," etc. Manifestly, in the absence of any agreement to the contrary, the company, if it takes court moneys, must pay thereon 3 per cent. interest. Whether it can refuse to take such moneys, or may take them at an agreed rate lower than 3 per cent., need not be now decided. No agreement for a less rate is shown here. The order was notice to the company that the $15,521 was "moneys in court." None but the court, which held these moneys in trust for owners not then ascertained, and which under the rule had the choice of seven enumerated depositories, could make such an agreement with the company. If the company does not care to take a deposit of court moneys at the statute rate, it should decline to receive them unless the order or decree, which alone evidences the court's action or assent, expressly provides for a special rate. Upon the argument attention was called to the circumstance that the order directing the deposit is silent as to rate of interest. That fact will not avail the company, however, because, in the absence of express provision, the statute rate will apply.